Daniel B. Lifschitz (SBN 285068)
**GIPSON HOFFMAN & PANCIONE APC**
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone:   (310) 556-4660
Facsimile:    (310) 556-8945
Email:          dlifschitz@ghplaw.com

**Attorneys for Plaintiff
AOM Music, Inc.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AOM MUSIC, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAÚL ALEJANDRO OCASIO RUIZ, an individual; DUARS ENTERTAINMENT CORP., a Puerto Rico corporation; SONY MUSIC ENTERTAINMENT US LATIN LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.: 2:25-cv-07861<br><br>**COMPLAINT FOR:**<br><br>**1. DIRECT COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

1

Plaintiff AOM Music, Inc. d/b/a BM Records ("AOM" or "Plaintiff"), by and through his undersigned attorneys, brings this Complaint against Raúl Alejandro Ocasio Ruiz ("Ruiz"), Duars Entertainment Corp. ("Duars"), Sony Music Entertainment US Latin LLC ("Sony"), and Does 1-10 (collectively "Defendants") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiff and its undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1.      This is an action for copyright infringement arising out of Defendants' unauthorized exploitation of numerous copyrighted musical works and sound recordings owned by AOM for which no license or authorization was obtained..

## PARTIES

2.      Plaintiff AOM Music, Inc. is a corporation organized under the laws of Florida with its principal place of business in Pasco County, Florida.

3.      Defendant Raúl Alejandro Ocasio Ruiz, on information and belief, is, and at all relevant times was, an individual domiciled in San Juan, Puerto Rico.

4.      Defendant Duars Entertainment Corp., on information and belief, is, and at all relevant times was, a corporation organized under the laws of Puerto Rico with its principal place of business in Carolina, Puerto Rico.

5.      Defendant Sony Music Entertainment US Latin LLC, on information and belief, is, and at all relevant times was, is a limited liability company organized under the laws of Delaware with its principal place of business in Coconut Grove, Florida.

6.      Defendants Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff. Plaintiff will seek leave

to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

7. Plaintiff is further informed and believe and based thereon allege that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

2. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims for relief occurred in Los Angeles County, and Defendants' actions caused injury in Los Angeles County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. BM Records was founded in 1978 by Pedro Merced and eventually became one of the largest and most influential record labels in Puerto Rican history, selling more than 65 million records across multiple territories.

2. BM Records was an early popularizer of the nascent "underground" genre of music, which eventually became more widely known as "reggaeton." The genre combined Spanish-language singing and rapping with musical influences including American hip hop, Latin American, and Caribbean music.

3. Prior to BM Records' investment in the genre, reggaeton music was largely spread by independent disc jockeys ("DJs"), who would curate and produce music for young Puerto Rican artists, then distribute said music via cassette tapes

sold in the streets, public schools, "caserios," "barrios," and public residences.

4.  One of the more influential reggaeton DJs was Pedro Gerardo Torruellas Brito p/k/a DJ Playero ("Brito," "DJ Playero," or "Playero"), whose mixtapes served to jumpstart the careers of numerous highly influential Latin artists, including Ramón Luis Ayala Rodríguez p/k/a Daddy Yankee.

5.  BM Records (operating as a d/b/a for AOM's predecessor-in-interest Latin Music Dist., Inc.) and Playero entered into several agreements pursuant to which BM Records acquired the rights to a variety of music created by DJ Playero (collectively the "Playero Works"). This included the albums *Playero 38* (SR0000392749), *Playero 40* (SR0000254068), *Playero Greatest Hits Street Mix Vol. 2.* (SR0000251271), and *Playero DJ Live* (SR0000402474). Playero confirmed his alienation of the Playero Works as recently as 2007 by way of a signed written agreement executed between himself and BM Records.

6.  Owing to the success of these and other releases, BM Records struck a partnership with a Latin music distributor in New York City, which helped to boost the popularity of reggaeton beyond Puerto Rico and the United States generally. DJ Playero's music was played on the biggest Latin radio station in New York, gained shelf space in numerous American retailers (such as Tower Records, Musicland, Sam Goody's, and Specs), and was licensed and distributed in various countries including the Dominican Republic, Venezuela, Colombia, Panama, and Mexico.

7.  The influence of the music released by BM Records, and DJ Playero's mixtapes in particular, can be readily identified in the work of later multi-platinum Latin recording artists such as J. Balvin, Ozuna, Shakira, Maluma, and Becky G. Many of these artists would go on to collaborate with pop artists in America such as Katy Perry, Beyonce, Justin Bieber, Nicki Minaj, DJ Snake, Diplo, and Enrique Iglesias, further spreading the fame and influence of reggaeton music.

8.  On July 1, 2020, the Playero Works were transferred from Latin Music Dist., Inc. to AOM by written copyright assignment.

9. On November 11, 2022, Sony and Duars released *Saturno*, an album written and recorded by Ruiz that featured multiple tracks incorporating copyrighted material derived from the Playero Works. These include:

    a. "DE CAROLINA," which incorporates samples of "La Gente Sabe" and "Somos De Carolina" from *Playero 38*;

    b. "Panties y Brasieres," which incorporates samples of "Camuflash" and "Camuflash Live" from *Playero 40* and *Playero DJ Live*;

    c. "DEJAU'," which incorporates samples of "Playero Live," "Ven A Bailar," "Playero Digalo Usted," "Microphone Check'a," "Budu Cucu," and "Sigan Bailando" from *Playero 38, Playero Greatest Hits Street Mix Vol. 2,* and *Playero DJ Live*; and

    d. "Punto 40," which incorporates samples of "Tengo Una Punto 40" from *Playero 40.*

10. At no point in time did any of the Defendants obtain a valid license to sample the Playero Works on *Saturno*. As such, the continuing exploitation of *Saturno* infringes the copyrights to the Playero Works owned by AOM.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT
### (Against All Defendants)

11. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 10 above, as though fully set forth herein.

12. Without Plaintiff's authorization, license, or consent, Defendants prepared "DE CAROLINA," "Panties y Brasieres," "DEJAU'," and "Punto 40" (collectively the "*Saturno* Works") as derivative works based upon the Playero Works, then reproduced, prepared derivative works based upon, distributed, and publicly performed the *Saturno* Works, thereby infringing Plaintiff's exclusive rights of copyright in the Playero Works under the Copyright Act, 17 U.S.C. §§ 106(1)-(4), 501.

13. On information and belief, Defendants have authorized and continue to authorize the reproduction, adaptation, distribution, and/or public performance of the *Saturno* Works in physical CDs, records, digital downloads, and digital streams.

14. Each unauthorized reproduction, preparation of a derivative work, distribution, and/or public performance of the Playero Works constitutes a separate and distinct act of copyright infringement.

15. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Playero Works and the direct infringement thereof.

16. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover his actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages for each infringed work.

17. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

18. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Playero Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

19. Plaintiffs hereby incorporate the allegations set forth above in

paragraphs 1 through 18 above, as though fully set forth herein.

20. Through its conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Playero Works and derivative works thereof, including, without limitation, by way of reproduction and distribution of digital and physical copies, and by public performance via web streaming. Specifically, by licensing to third parties the right to distribute and/or publicly perform the *Saturno* Works both physically and digitally, the Defendants induced and encouraged these third parties to directly infringe Plaintiff's copyrights in the Playero Works.

21. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyright in the Playero Works, and the contributory infringement thereof.

22. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyright, Plaintiff is entitled to recover his actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages for each infringed work.

23. Plaintiff is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

24. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Playero Works, and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

\\

## PRAYER FOR RELIEF

Wherefore, AOM demands judgment against Defendants for the following

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 for each infringing work, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Playero Works during the term of copyright;

3. For costs of suit and attorneys' fees incurred herein;

4. For prejudgment and postjudgment interest at the legal rate; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 21, 2025

**GIPSON HOFFMAN & PANCIONE APC**

By /s Daniel B. Lifschitz
Daniel B. Lifschitz
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: August 21, 2025

**GIPSON HOFFMAN & PANCIONE APC**

By /s Daniel B. Lifschitz
Daniel B. Lifschitz
*Attorneys for Plaintiff*